UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EMMANUEL EVARISTE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-11996-DJC |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                             **December 13, 2019**

For the reasons set forth below, the Court permits Plaintiff Emmanuel Evariste ("Evariste") to proceed *in forma pauperis* and finds that the complaint fails to state a claim upon which relief may be granted. If Evariste wishes to proceed with this action, he must file an amended complaint that sets forth a plausible claim upon which relief may be granted.

**I.    Background**

Plaintiff Emmanuel Evariste ("Evariste") has filed a *pro se* complaint seeking monetary damages of "$100 million" under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).[1]  D. 1. Evariste subsequently filed five affidavits and a declaration in support of his request to proceed *in forma pauperis*. D. 4 – 8, 11.

Evariste is a citizen of Haiti who is detained in U.S. Immigration and Customs Enforcement ("ICE") custody at the Bristol County House of Correction. The complaint names as defendants

---

[1] Evariste's complaint is vague with regard to whether he asserts additional claims under 42 U.S.C. § 1983 or 34 U.S.C. § 30305 (originally codified at 34 U.S.C. § 30305). As discussed herein, even assuming that Evariste asserts causes of action under either statute, his present complaint is subject to dismissal.

the United States of America, the Commonwealth of Massachusetts and Thomas Hodgson, Bristol County Sheriff. D. 1 at 1. Evariste contends that because of his prolonged detention in ICE custody, he became a victim of sexual abuse by another inmate on March 27, 2019. Id. at 3. He alleges that correctional officers knew the danger presented by the other inmate and that several correctional officers were arrested after lying about incidents of sexual abuse. Id.[2] Evariste contends that Sheriff Hodgson and the Commonwealth can be held liable under the FTCA by virtue of agreements they entered with the federal government. Id. at 1.

Evariste complains that the defendants allowed him to remain at the facility where sexual assaults were known to occur and are liable for the alleged violation of his right to due process both in state criminal proceedings and federal immigration proceedings. Id. at 2.[3]

## II.   Discussion

### A.   Plaintiff's Request to Proceed In Forma Pauperis

Upon review of Evariste's request for leave to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the filing fee. The Court, therefore, permits Evariste to proceed *in forma pauperis*.

### B.   Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. The *in forma pauperis* statute authorizes federal courts to

---

[2] The Court's docket indicates that Evariste filed a complaint seeking damages from a correctional officer at the Bristol County House of Correction and the Commonwealth for damages arising from the alleged March 2019 sexual assault. See Evariste v. Bristol County Sheriff's Office, et al., C.A. No. 19-10671-NMG (motion to dismiss pending).

[3] Evariste also raises a claim for a bond hearing pursuant to 8 U.S.C. § 1226(c) under Reid v. Donelan, No. 13-30125-PBS, 390 F. Supp. 3d 201, 219 (D. Mass. Jul. 9, 2019), but that was already the subject of a habeas petition in another matter filed by Evariste. See Evariste v. Hodgson, C.A. No. 19-11144-DJC.

dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review of the complaint, a *pro se* plaintiff is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### C. Plaintiff's Complaint is Subject to Dismissal

Evariste asserts tort claims against the United States, the Commonwealth and Sheriff Hodgson.  Under the Federal Tort Claims Act ("FTCA"), a suit against the United States is the exclusive remedy for damages "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

To the extent Evariste brings an FTCA claim against the United States, his claim fails.  "It is well settled law, that an action brought against the United States under the [FTCA] must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency."  Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) (citing United States v. Kubrick, 444 U.S. 111, 113 (1979)); see Velez-Diaz v. United States, 507 F.3d 717, 718 (1st Cir. 2007) (noting that "[u]nder the FTCA, a court suit filed before exhaustion does not ripen but

is barred"). The FTCA's presentment requirement is jurisdictional. 28 U.S.C. § 2675; Gonzalez-Bernal, 907 F.2d at 248; Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991). Evariste has not asserted, nor has he filed any document that reflects, that he has presented his tort claims to the United States prior to filing suit.

Although Evariste contends that all three defendants are liable under the FTCA, the complaint does not state an FTCA claim against the Commonwealth or Sheriff Hodgson. Neither Sheriff Hodgson nor the Commonwealth are a "federal law enforcement officer" within the meaning of the FTCA. Millbrook v. United States, 569 U.S. 50, 51 (2013) (citing 28 U.S.C. § 2680(h)). The claims against Hodgson and the Commonwealth could be construed under 42 U.S.C. § 1983, which requires violation of a federal right by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). However, his claims for damages against the Commonwealth, and against Sheriff Hodgson in his official capacity, are barred by the Eleventh Amendment and are subject to dismissal. See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015). To the extent Evariste's claims are plausibly alleged against Sheriff Hodgson in his individual capacity, they are, at most, respondeat superior claims. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable' " under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "Absent participation in the challenged conduct, a supervisor can be held liable only if (1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was *affirmative[ly] link[ed]* to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence of the supervisor amounting to *deliberate indifference*." Hegarty v. Somerset Cty., 53 F.3d 1367, 1379–80 (1st Cir. 1995)

(emphasis in original, punctuation omitted) (quoting Lipsett v. University of P.R., 864 F.2d 881, 902–03 (1st Cir. 1988)).  Here, the allegations in the complaint allege only a supervisory linkage, which are insufficient to state a respondeat superior claim against Sheriff Hodgson.

Finally, the complaint references the Prison Rape Elimination Act ("the PREA").  The PREA was enacted by Congress as part of an effort to reduce the occurrence of rape in prison by developing and implementing national standards and regulating federal funding in an effort to combat prison rape.  See 34 U.S.C. §§ 30301-30309 (originally codified at 42 U.S.C. §§ 15601 – 15609).  The PREA, however, does not create a private cause of action or a federal right enforceable in a § 1983 action.  See Bowens v. Wetzel, 674 Fed. Appx. 133, 137 (3d Cir. 2017); Krieg v. Steele, 599 Fed. Appx. 231, 232 (5th Cir. 2015), cert. den., 136 S. Ct. 238 (U.S. 2015); Rasheed v. D'Antonio, No. 10-11253, 2011 WL 4382097, at *19 (D. Mass. August 1, 2011).

In light of the foregoing, this action will be dismissed unless Evariste files an amended complaint which sets forth a plausible claim upon which relief may be granted on or before January 10, 2020.

### III. Conclusion

For the foregoing reasons, the Court rules as follows:

1. The Court permits Evariste to proceed *in forma pauperis*.

2. The Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).  If Evariste wishes to proceed in this matter, he must file an amended complaint that sets forth a plausible claim upon which relief may be granted by January 10, 2020.

**SO ORDERED.**

                                               /s/ Denise J. Casper
                                              Denise J. Casper
                                              United States District Judge