UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
EMMANUEL EVARISTE, )
 )
      Plaintiff, )
 )
      v. )      Civil Action No. 19-11996-DJC
 )
UNITED STATES OF AMERICA, )
 )
      Defendant. )
)

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                     March 25, 2020

For the reasons set forth below, the Court allows Plaintiff Emmanuel Evariste's motion to amend, denies Evariste's motions for summary judgment and to change judicial officer, and orders the clerk to issue a summons for service of the amended complaint on the United States.

**I.    Background**

Plaintiff Emmanuel Evariste ("Evariste") initiated this action by filing a *pro se* complaint seeking monetary damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). D. 1. The complaint named as defendants the United States, the Commonwealth of Massachusetts and Sheriff Hodgson. Id.

By Memorandum and Order, dated December 13, 2019, Evariste was granted leave to proceed *in forma pauperis* and was advised that his complaint failed to state a claim upon which relief can be granted. D. 13. As to Evariste's claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), the Memorandum and Order stated that "Evariste has not asserted, nor has he filed any document that reflects, that he has presented his tort claims to the

United States prior to filing suit." Id. at p. 4. As to Evariste's claims against the Commonwealth and Sheriff Hodgson, the Memorandum and Order stated that neither of these defendants are a "federal law enforcement officer" within the meaning of the FTCA. *Id.* Additionally, even construing the complaint as asserting a civil rights claim against the Commonwealth and Sheriff Hodgson, the Memorandum and Order concluded that such a claim is barred by the Eleventh Amendment. Finally, to the extent Evariste's complaint could be construed as stating a claim against Sheriff Hodgson in his individual capacity, the factual allegations in the complaint were insufficient to state a respondeat superior claim. Id.

Now pending before the Court is Evariste's motion to amend accompanied by a proposed amended complaint. D. 14-1. The case captions of the motion to amended and the amended complaint each identify the sole defendant as "United States et Al."[1] Id. Evariste's motion to amend states that he "removed the defendants Commonwealth and Sheriff Hodgson from the complaints since they are barred as state employees." D. 14. Evariste "is requesting summons to be issued against the proper defendant the United States." Id.

Also before the Court are several affidavits in which Evariste contends that he should be permitted to proceed with an FTCA claim against the United States. D. 15 – 16, 18. Most recently, Evariste filed motions for summary judgment and for change of judicial officer. D. 21, 25.

**II.     Discussion**

Here, the proposed amended complaint alleges that Evariste presented his tort claims to the United States prior to filing this lawsuit. Evariste states that he "complied with FTCA requirement of presentment prior to filing this complaint" and that his complaint with the Office of Inspector General was assigned ""control number 729-040119-370560." D. 14-1, at p. 1.

---
[1] Although various individuals are referenced in the body of the proposed amended complaint, the case caption identifies the United States as the sole defendant. D. 14-1.

In light of the foregoing, the FTCA claims against the United States will be allowed to proceed at this time.

To the extent plaintiff seeks summary judgment at this early stage of the proceeding, such request if premature. Although district courts have the power to grant summary judgment sua sponte, before doing so, the court must give "the targeted party" appropriate notice and a chance to present its evidence on the essential elements of the claim. *Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29 (1st Cir. 1996). Accordingly, Evariste's's motion for summary judgment is denied without prejudice.

Finally, the Court also denies Evariste's motion to change judicial officer. 28 U.S.C. § 455(a) requires that a judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *United States v. Sampson*, 148 F. Supp. 3d 75, 79 (D. Mass. 2015). Under Section 455(a), "a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000). "[J]udges are not to recuse themselves lightly under § 455(a)." *Id.* at 45. Here, Evariste's's motion must be denied because the alleged grounds for recusal are based upon his disagreement with the decisions of this Court in another case and he has not stated a legitimate basis for recusal *Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that "[]judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [a]lmost invariably,

they are proper grounds for appeal, not for recusal"); *accord Obert v. Republic Western Ins. Co.*, 190 F. Supp. 2d 279, 295 (D. R.I. 2002) (party's disagreement with the judge over the law is not grounds for disqualification) (citations omitted). Accordingly, the Court denies Evariste's motion.

### III. Conclusion

For the foregoing reasons, the Court rules as follows:

1. Evariste's motion is ALLOWED. The Clerk shall enter the proposed amended complaint (D. 14-1) on the docket as Evariste's amended complaint.

2. Evariste's motion for summary judgment (D. 21) is DENIED without prejudice.

3. Evariste's Motion to Change Judicial Officer (D. 25) is DENIED.

4. The Clerk shall issue a summons for service of the amended complaint and shall send the summons, a copy of the amended complaint, and this Order to the plaintiff, who must serve the defendant with these documents in accordance with Federal Rule of Civil Procedure 4(m).

5. The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the summons, amended complaint and this Order upon the defendant, the United States Attorney General and United States Attorney for the District of Massachusetts. Plaintiff is responsible for providing the United States Marshals Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge