UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMMANUEL EVARISTE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 19-cv-11996-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   **March 4, 2021**

## I.   Introduction

Emmanuel Evariste ("Evariste") has filed this lawsuit *pro se* against the United States ("Defendant") seeking monetary damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). D. 28. Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(5)[1] for failure of service of process. D. 39. For the reasons stated below, the Court DENIES Defendant's motion to dismiss.

## II.   Standard of Review

"When the sufficiency of process is challenged under Rule 12(b)(5), plaintiff bears 'the burden of proving proper service.'" Ascher v. Duggan, 988 F. Supp. 2d 99, 103 (D. Mass. 2013) (quoting Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992)).

---

[1] Defendant invokes Rule 12(b)(1) arguing that the failure to effect proper service means that this Court does not have subject matter jurisdiction, D. 40 at 4, but such challenge properly falls under Rule 12(b)(5).

1

**III.      Factual Background**

Evariste is detained in U.S. Immigration and Customs Enforcement ("ICE") custody at the Bristol County House of Correction.  D. 28 at 1.  Evariste contends that on March 27, 2019, he was sexually propositioned by another inmate.  Id.  He reported the incident to officers at the facility, after which the inmate was reprimanded.  Id.  Among other things, Evariste alleges that several correctional officers knew of the danger presented by the inmate but allowed Evariste to remain in the same facility with him, despite known sexual assaults.  Id.

**IV.      Procedural History**

Evariste filed the complaint in this case on September 23, 2019.  D. 1.  Pursuant to screening under 28 U.S.C. § 1915(e)(2), the Court gave Evariste until January 10, 2020 to file an amended complaint that set forth a plausible claim upon which relief may be granted.  D. 13.  Evariste then filed an amended complaint on December 23, 2019, D. 14-1.  In the Court's Order allowing the amended complaint to enter and be served, D. 26, the Court stated that Evariste may elect to have service made by the United States Marshals Service upon the United States Attorney General and United States Attorney for the District of Massachusetts.  D. 26.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Court gave Evariste ninety days (from the date of the Order, March 25, 2020) to complete service.  Id.

**V.      Discussion**

  **A.      Service of Process**

Where Defendant challenges service of process, Evariste has the burden of proving he effected proper service.  Cichocki v. Massachusetts Bay Cmty. Coll., No. 15-cv-10663-JGD, 2016 WL 1239236, at *3 (D. Mass. Mar. 29, 2016) (citing Aly v. Mohegan Council-Boy Scouts of America, No. 08-40099-FDS, 2009 WL 3299951, at *2 (D. Mass. Apr. 20, 2009)).  To properly

serve the United States, a plaintiff must comply with Rule(4)(i)(1). First, the plaintiff must hand-deliver the summons and complaint to either the United States Attorney for the district where the action is brought or "an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." Fed. R. Civ. P. 4(i)(1)(A)(i). In the alternative, the plaintiff may send a copy of the summons and complaint "by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(ii). Second, the plaintiff must send the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington D.C. See Fed. R. Civ. P. 4(i)(1)(B). Lastly, "if the action challenges an order of a nonparty agency or officer of the United States," the party must send a copy of the summons and complaint "by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1)(C).

Defendant asserts that Evariste has not sent a copy of the summons and complaint by registered or certified mail to the U.S. Attorney General at Washington D.C. or sent a copy of the summons and Complaint by registered or certified mail to the agency at issue, D. 40 at 4, thereby failing to meet the ninety-day time limit for service, as required by the Order, D. 26 (citing Fed. R. Civ. P. 4(m)). Defendant additionally asserts that the United States Attorney's Office was never served and that the office only became aware of the amended complaint via ECF. D. 40 at 2. Evariste asserts that he served the U.S. Office of the Attorney General in Massachusetts on April 1, 2020, mailed a complaint to ICE's Office of Removal in Burlington, Massachusetts, and submitted a complaint to both the Department of Homeland Security ("DHS") and the U.S. Office of Inspector General in Washington, D.C. D. 42 at 2; D. 31. Evariste also asserts that he gave a copy of the complaint to a visiting ICE agent at his prison facility prior to filing in this Court. D. 45 at 1.

Evariste does not assert that he sent a copy of the summons and complaint by certified mail to the Attorney General at Washington, D.C., as required by Fed. R. Civ. P. 4(i)(1)(B). Evariste also fails to assert that he sent a copy of the summons and amended complaint to the United States attorney for the district or to the civil-process clerk at the United States attorney's office, as required by Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii). Because Evariste has not established that he effected proper service of the amended complaint to the Attorney General at Washington D.C. or the United States Attorney, Evariste has failed to show that he complied with the first two requirements of Rule 4(i)(1).

### B.     Extension of the Service Deadline

Even if he has not made timely service under Rule 4, Rule 4(m) provides, that "if the plaintiff shows good cause for the failure [to effect proper service in a timely manner], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause may be found when the plaintiff's failure to complete proper service in a timely fashion is related to (1) the actions of a third person, such as a process server; (2) a defendant evading service of process or engaging in misleading conduct; (3) the plaintiff acting diligently in trying to effect service or "some understandable mitigating circumstance"; and (4) the plaintiff proceeding *pro se* or *in forma pauperis*. McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 342 (2002)). The fact that a plaintiff is *pro se* "is not automatically enough to constitute good cause for purposes of Rule 4(m)." Id. "In determining what is and what is not good cause, the federal courts obviously are obligated to balance the clear intent of Rule 4(m) and the desire to provide litigants their day in court." Id. at 384. "Insisting on a timely service of process and assuring litigants a just adjudication on the

merits of an action are not inconsistent, but over-emphasis on either could lead to undesired consequences." Id.

Here, Evariste's response to Defendant's motion to dismiss is that he properly served the United States. D. 42 at 2. However, an "erroneous belief that service of process was sufficient does not establish good cause for failing to comply with Rule 4." Fishman v. Trump, No. 19-cv-11734-JDL, 2020 WL 4431769, at *4 (D. Mass. July 31, 2020) (citing Leung v. Citizens Bank, 12-CV-11060-FDS, 2013 WL 1992453, at *3 (D. Mass. May 10, 2013)). Defendant argues that Evariste failed to comply with Local Rule 4.1, which requires that "[c]ounsel and parties appearing pro se who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit." L.R. 4.1(b). "If on the 14th day following the expiration of the 90-day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court." Id.

Based on the record before this Court, Evariste has not evidenced a basis for a finding of good cause. Good cause can be established in part "where a pro se litigant can show confusion on his part, either because of his unfamiliarity with the rules, or because of his reliance on the misleading advice of others." McIsaac, 193 F. Supp. 2d at 384. Evariste does not assert that he was confused nor does he assert a diligent effort to provide proper service of process. While the rules related to proper service of process are not necessarily intuitive, see Aly, 2009 WL 3299951, at *3, Evariste fails to provide a basis for this Court to find good cause for his failure to service Defendant.

However, even absent a showing of good cause, the Court still has discretion to extend time to properly effect service under Rule 4. Awadh v. Tourneau, Inc., No. 15-cv-13993-DJC, 2017 WL 1246326, at *3 (D. Mass. Feb. 17, 2017) and cases cited. When proper service is not completed and there is no good cause to excuse improper service, a court's discretion to extend time for service is guided by three factors: (1) whether the party to be served received actual notice of the lawsuit; (2) whether the defendant would suffer prejudice; and (3) whether the plaintiff would be severely prejudiced if his complaint were dismissed. Bell v. Rinchem Co., Inc., No. 14-cv-40177-TSH, 2014 WL 11290899, at *4 (D. Mass. Dec. 2, 2014) (citing H & A Corp. v. United States, No. 14-13783-MLW, 2015 WL 5610816, at *4 (D. Mass. Sept. 22, 2015)). In addition, courts consider whether the plaintiff acted in bad faith or intentionally failed to adhere to the rules. Aly, 2009 WL 3299951, at *3.

Here, there is no indication from the record or from Defendant's motion that Evariste acted in bad faith or that his failure to comply with the Rules was purposeful. See D. 40. Instead, the record indicates an attempt by Evariste—although erroneous—to provide prompt service of process. Specifically, Evariste filed his amended complaint on March 25, 2020 and filed proof of service on April 13, 2020, stating that the summons and complaint had been mailed to the U.S. Office of the Attorney General in Massachusetts on April 1, 2020. D. 31. Evariste also asserts that he mailed a complaint to ICE's Office of Removal in Burlington, MA, and submitted a complaint to both DHS and the U.S. Office of Inspector General in Washington, D.C. D. 42 at 2. Moreover, Defendant received actual notice of Evariste's claims, evidenced by the filing of this motion to dismiss, D. 39. Payne v. Massachusetts, No. 09-cv-10355-PBS, 2010 WL 5583117, at *4 (D. Mass. Nov. 18, 2010), report and recommendation adopted, No. 09-cv-10355, 2010 WL 5583111 (D. Mass. Dec. 10, 2010) (concluding that "the defendant received actual notice of

[Plaintiff's] claims against it and was able to file a response to those claims, in the form of its motions to dismiss"). Defendant has not pointed to any prejudice it would suffer if the time for service was extended and the Court perceives no evidence of prejudice to Defendant where Defendant had actual notice of the action and Evariste will receive only a finite extension of time to provide proper service. See Cichocki, 2016 WL 1239236, at *5 (explaining that given that defendants have notice of the plaintiffs' claim, risk of prejudice from an extension of time is minimized). These factors weigh in favor of an extension of time for Evariste to provide proper service of process to Defendant. Payne, 2010 WL 5583117, at *2, *4; Cichocki, 2016 WL 1239236, at *5.

## VI. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss, D. 39. The Court grants Evariste an extension until April 4, 2021 to provide proper service of process to Defendant pursuant to Fed. R. Civ. P. 4. If Evariste fails to complete proper service within the extended period, Defendant may renew its motion to dismiss.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge